UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GERALD MOBLEY,

                        Plaintiffs,

    -against-


THE CITY OF NEW YORK, CAPTAIN
COAN, LIEUTENANT HAMMOND,
LIEUTENANT HENEGHAN, DETECTIVE
SANTOS, DETECTIVE RACHEL
ALVAREZ (Shield # 564), DETECTIVE
FORGIONE, DETECTIVE BRONAUGH,
DETECTIVE BROWN, DETECTIVE
HARRIS, POLICE OFFICER CENTRONE,
POLICE OFFICER MORAN and POLICE
OFFICER JEWELS,

                        Defendants.
------------------------------------------------x

Civil Case No.:

COMPLAINT

JURY DEMAND

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 20 2009 ★
BROOKLYN OFFICE



CV - 09 0211

MAUSKOPF, J.

GO. M.J.

Plaintiff GERALD MOBLEY, by his attorney(s), THE LAW OFFICES OF WALE
MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK,
CAPTAIN COAN, LIEUTENANT HAMMOND, LIEUTENANT HENEGHAN,
DETECTIVE SANTOS, DETECTIVE RACHEL ALVAREZ (Shield # 564),
DETECTIVE FORGIONE, DETECTIVE BRONAUGH, DETECTIVE BROWN,
DETECTIVE HARRIS, POLICE OFFICER CENTRONE, POLICE OFFICER MORAN
and POLICE OFFICER JEWELS (collectively referred to as the Defendants), upon
information and belief, alleges as follows:

### NATURE OF THE ACTION

1.       This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. § 1983 [and § 1985], [and arising under the laws and statutes
of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom, and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

4.     During all times material to this complaint, the plaintiff GERALD MOBLEY was, and still is, a resident of the State of New York, presently residing in Queens County.

5.     At all relevant times, defendants CAPTAIN COAN, LIEUTENANT HAMMOND, LIEUTENANT HENEGHAN, DETECTIVE SANTOS, DETECTIVE RACHEL ALVAREZ (Shield # 564), DETECTIVE FORGIONE, DETECTIVE BRONAUGH, DETECTIVE BROWN, DETECTIVE HARRIS, POLICE OFFICER CENTRONE, POLICE OFFICER MORAN and POLICE OFFICER JEWELS, of the New York City Police Department (collectively referred to as defendant officer(s)), were upon information and belief, and still are, law enforcement officers in the employ of the Police Department of the City of New York.

6.     At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant

2

officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

7.      At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant Officers, through it's Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8.      Plaintiffs sue all defendants in their individual and official capacities.

<u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

9.      On or about May 11, 2007, between the hours of 08:30 p.m. and 09:30 p.m., at and within the premises known as 111-59 157th Street, Jamaica, New York 11433 (hereinafter "subject premises"), in the County of Queens, City of New York, the plaintiff was falsely arrested without probable cause by all or some of the defendant officers.

10.     That at the above-mentioned date and time, the above-referenced police officers, without prior warning, forcibly gained entry into the subject premises, by breaking and/or smashing down the door to said residence.

11.     That at the above-mentioned date and time, the above-referenced police officers, without identifying themselves as police officers; without showing and/or displaying any warrant; without asking any questions of the occupants therein, pointed their weapons at the plaintiff, thereby placing the plaintiff in immediate fear of bodily injury or death.

12.     That upon information and well founded belief, the above-referenced police officers had a warrant that permitted the search of the second floor of the above-referenced premises.

13.     That at the time the above-referenced police officers forcibly entered the subject premises, the plaintiff, who was visiting one of the occupants of said premises, was located within the basement of said premises,

14.     That at the above-mentioned date and time, the above-referenced police officers, in attempting to have the plaintiff comply with their wishes, used foul and abusive language, and commanded the plaintiff to immediately comply with their orders.

15.     That at the above-mentioned date and time, the above-referenced police officers, without explanation immediately placed the occupants and guests then within the residence, including the plaintiff, under arrest.

16.     The plaintiff was searched at the subject premises by the above-referenced officers, but nothing illegal was recovered from the plaintiff.

17.     The plaintiff was thereafter transported to the 113th police precinct, where he were photographed and fingerprinted.

18.     Upon arriving at the precinct, the plaintiff was forcibly strip searched by all or some of the defendant officers.

19.     Following the illegal strip search(es) by all or some of the defendant officers, no illegal items or substances were recovered from the plaintiff.

20.     The plaintiff was subsequently transported to "Central Booking" located in Criminal Court, Queens County, where he was strip searched again. No illegal items or substances were recovered from the plaintiff.

21.     On or about May 13, 2007, the plaintiff was arraigned before a judge in Criminal Court, County of Queens.

4

22.     The plaintiff was/were accused of having committed the following crime(s) and/or offense(s):

-   Criminal Possession of a Controlled Substance in the 7th Degree (PL 220.03);
-   Criminally using drug paraphernalia in the second degree (PL 220.50); and
-   Unlawful possession of marihuana (PL 221.05).

23.     The plaintiff pleaded "not guilty" and bail was set in an amount that the plaintiff could not afford to post.

24.     As such, the plaintiff was remanded to the Rikers Island Correctional Facility. The plaintiff was released from said facility on or about May 25, 2007, after having been caused to be incarcerated for approximately two weeks.

25.     That the case(s) against the plaintiff was "adjourned in contemplation of dismissal" on June 15, 2007, and thereafter subsequently dismissed on December 14, 2007.

26.     The plaintiff has necessarily been caused out of pocket expenses, including loss of earnings.

## FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

27.     By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

28.     The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

29.     As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

30.     Consequently, the plaintiff has been damaged and hereby demands
        compensatory and punitive damages in an amount to be proven at
        trial against each of the defendants, individually and severally.

31.     The defendant officers were at all material times acting within the
        scope of their employment, and as such, the defendant City is
        vicariously liable for the defendant officers acts as described above.

32.     This action falls within one or more of the exceptions of the New
        York State Civil Practice Law and Rules §1602.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:
### DEPRIVATION OF CIVIL RIGHTS

33.     Plaintiffs repeat and reallege paragraphs 1 through 32 as if each
        paragraph is repeated verbatim herein.

34.     The defendant police officers acted under color of law, in their
        official capacity and their acts were performed under color of the
        statutes and ordinances, customs and practices of the defendant City
        of New York. The allegations in this paragraph are likely to have
        evidentiary support after a reasonable opportunity for further
        investigation or discovery.

35.     Acting under color of law and pursuant to official policy, practice, or
        custom, defendant City of New York intentionally, knowingly,
        negligently and recklessly failed to instruct, supervise, control, and
        discipline, on a continuing basis, defendant police officers in their
        duties to refrain from unlawfully and maliciously arresting,
        imprisoning, and maliciously prosecuting innocent members of the
        public. The allegations in this paragraph are likely to have
        evidentiary support after a reasonable opportunity for further
        investigation or discovery.

36.     Acting under color of law and pursuant to official policy, practice, or
        custom, defendant City of New York intentionally, knowingly,
        negligently and recklessly failed to instruct, train, and supervise the
        defendant officers on a continuing basis in the correct procedure for

making an arrest. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

37. Defendant City of New York had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, negligently or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

38. Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant officers heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. The conduct of the defendants deprived the plaintiff of the following rights, privileges and immunities secured to them by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff to be promptly informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(c) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(d) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was subsequently detained for approximately two (2) weeks.

40.        As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

41.        The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he has suffered. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

42.        The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

43.        The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1.      For compensatory damages against each defendant in an amount to be proven at trial;

2.      For exemplary and punitive damages against each defendant in an amount to be proven at trial;

3.      For costs of suit herein, including the plaintiffs reasonable attorney's fees; and

4.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
January 20, 2009

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku, Esq. (AM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994